IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA K. JOHNSON, #409287 *
a/k/a Terry Jackson
Plaintiff, *

v. * CIVIL ACTION NO. RDB-15-680

KATHLEEN GREEN *
Defendant.
*****

**MEMORANDUM OPINION**

On March 11, 2015, the Court received this 42 U.S.C. § 1983 Complaint for injunctive relief from Kathleen Green, an inmate confined at the Eastern Correctional Institution ("ECI"). Defendant Warden has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 11. Johnson, having been notified of his rights and obligations to file responsive pleadings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 14, has chosen not to file opposition materials. No hearing is required. *See* Local Rule 106.5 (D. Md. 2014). For reasons to follow, Defendant's dispositive Motion, construed as a motion for summary judgment, IS GRANTED.

**BACKGROUND**

Johnson alleges that he has been complaining about right-sided stomach pain and swelling and neck discomfort to the ECI medical department since June of 2014. He claims that he received an ultrasound on his neck, but has not seen an outside medical provider for his stomach, and medical evaluation has otherwise been delayed. ECF No. 1. Johnson also

generally claims that his incoming and outgoing mail to family has been tampered with by personnel. *Id*.

## STANDARD OF REVIEW

### I. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.

*Iqbal*, 556 U.S. at 678. First, while a Court must accept as true all the factual allegations contained in the Complaint, legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a Complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id*. at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

If, on a motion asserting the defense of dismissal for the failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *See Talbot v. U.S. Foodservice, Inc.*, 191 F.Supp.2d 637, 639 (D. Md. 2002).

**2. Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that

there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the Court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

A federal court must liberally construe pleadings filed by self-represented litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). The Court cannot assume the existence of a genuine issue of material fact where none exists. *See* Fed. R. Civ. P. 56(c).

**ANALYSIS**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526

U.S. 687, 707 (1999). To state a claim under § 1983, a Plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**Plaintiff's Allegations**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris*, 550 U.S. at 378; *Erickson v. Pardus*, 551 U.S. at 94, and liberally construes Plaintiff's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Johnson claims that his outgoing mail has not been sent out of ECI and he is not receiving his incoming mail. Defendant Green[1] asserts, through the Declaration of ECI Litigation Coordinator Michelle Switalski, that Johnson's mail is processed in accordance with governing policy and has not been delayed, withheld, tampered with, or left unprocessed while he has been confined at ECI. ECF No. 11-4, Switalski Decl. It is acknowledged, however, that the ECI mailroom has been short staffed and is approximately 5 to 7 days behind in processing incoming mail. *Id.*

As to Johnson's claim that he was not provided medical evaluation or treatment as needed for his complaints of pain and swelling as to his stomach and neck, Warden Green argues, by the declaration of Acting Warden Ronald Dryden, that Johnson has failed to state a claim against her as she does not have the authority to make decisions concerning an inmate's

---

[1] Warden Green is the only named party defendant.

medical care and "generally defers" to the expertise of medical staff regarding the medical care and treatment of the inmate population. It is maintained that it is the health care contractor, not the Warden or other State employees, who are responsible for providing medical care to inmates. ECF No. 11-5 at Dryden Decl. Defendant additionally provides portions of Johnson's medical record to show that he was evaluated by health care staff for his sick-call requests regarding his face, neck, and stomach throughout 2014 and 2015. ECF No. 11-6. Johnson has been prescribed medications, received an x-ray of his abdomen and an ultrasound and consultation as to his thyroid gland. The abdominal x-ray was negative and within normal limits. Further consultations were submitted for Johnson to: obtain an ultrasound of his abdomen, be examined by ear, nose and throat ("ENT") personnel, be evaluated for "aspiration of a thyroid nodule left lower pole," receive a follow-up ultrasound, and to be seen by radiology. ECF No. 11-6. Johnson was seen at Peninsula Regional Medical Center ("PRMC") for a study of his left thyroid in September of 2014. The laboratory results were normal. Johnson additionally received a thyroid evaluation at Bon Secours Hospital Health System ("BSHHS") on October 28, 2014. *Id*. A BSHHS physician noted that there was no neck inflammation, facial asymmetry, or feeling of any nodules. Johnson's neck was unremarkable, with the exception of an "incidental finding" of a nodule in the left thyroid gland through ultrasound. *Id*. It was recommended that a follow-up thyroid ultrasound be conducted in six months. Johnson received a follow-up ultrasound at PRMC on March 18, 2015 and was found to have a "small stable partially calcified subcentimeter nodule at lower pole region of the left lobe of thyroid gland." ECF No. 11-6.

Given the underlying facts and unopposed records the Court finds that to the extent that Johnson has named the ECI Warden as the sole Defendant, he has failed to state a claim. There is no showing that the Warden was personally involved in Johnson's medical care while incarcerated at ECI. Indeed the sworn declaration furnished to the Court affirms that all medical care provided to inmates is contracted out to private service providers and that State employees are not responsible for such care. Johnson has provided no evidence demonstrating supervisory liability on the part of the Warden. *See* S*haw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990).

Moreover, in the absence of any particulars regarding his claims of delay or non-delivery of his incoming or outgoing mail to family members, Johnson has failed to set out a claim against the Warden or other ECI staff. Certainly, the deliberate interference with the posting of some types of outgoing mail by prison staff may state a claim of constitutional dimension. However, to be actionable, a mail interference claim requires evidence "to indicate a pattern or practice of opening or interfering with the delivery of...mail." *Bryant v. Winston,* 750 F.Supp. 733, 734 (E.D. Va. 1990); *Pearson v. Simms,* 345 F.Supp.2d 515, 519 (D. Md. 2003), *aff'd,* 88 F. Appx. 639 (4th Cir. 2004)). Occasional incidents of delay or non-delivery of mail do not rise to a constitutional level. *See Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard,* 109 F.3d 427, 430–31 (8th Cir. 1997); *Smith v. Mashner,* 899 F.2d 940, 944 (10th Cir. 1990); *see also Pearson v. Simms,* 345 F.Supp.2d at 519 ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

**CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, treated as a motion for summary judgment, will be granted. A separate Order follows dismissing this Complaint.

Date: October 13, 2015

_______/s/__________________________
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE